**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00136-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| CHRISTOPHER HARRY GOODING, | |
| Defendant. | |

Presently before the court is defendant Christopher Harry Gooding's motion to appear in court for notice of charges (ECF No. 9), filed on March 28, 2019. The government filed a response (ECF No. 11) on April 11, 2019. Defendant did not file a reply.

On March 24, 2014, Gooding was sentenced in Southern District of California to 46 months and three years of supervised release for importing methamphetamine in violation of 21 U.S.C. §§ 952, 960. (Transfer of Jurisdiction (ECF No. 4).) On May 5, 2016, this court accepted the transfer of jurisdiction for Gooding's supervised release, which permitted his supervised release sentence to be served in the District of Nevada. (Order Accepting Jurisdiction (ECF No. 2).) According to the terms of Gooding's supervised release, Gooding was to refrain from committing another federal, state, or local crime. (*See* Transfer of Jurisdiction (ECF No. 4).)

In January of 2017, while serving his supervised release term, Gooding committed new state crimes. (*See* Resp. (ECF No. 11); *see also* Sealed 12C Petition (ECF No. 5).) Gooding then pleaded guilty to those crimes and the Nevada state court sentenced Gooding to "concurrent terms of custody of 60 to 180 months on the first count and 24 to 60 months on the second count[,]" to be served concurrently with the California sentence. (Resp. (ECF No. 11) at 2.) By the time Gooding was in custody on the state charges, he had completed the custodial portion of his sentence on the California federal criminal case.

Gooding now moves to appear in court for an arraignment because he was informed by a Nevada Department of Corrections Officer that there is an active warrant for his arrest. (Mot. to Appear (ECF No. 9).) Gooding raises constitutional concerns relating to his Fifth Amendment right to due process and his Sixth Amendment right to be informed of the nature and cause of the accusations against him. (*Id.*) The government responds that the motion should be denied because Gooding is effectively requesting that the state court sentence should override the federal sentencing guidelines. (Resp. (ECF No. 11).) Specifically, the government argues that when determining the sentence to be imposed in a violation of supervised release, the court shall consider the United States Sentencing Guidelines ("Sentencing Guidelines"). *See* 18 U.S.C. § 3553(a)(4)(B). The Sentencing Guideline mandates that

> any term of imprisonment imposed upon the revocation of … supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of … supervised release.

U.S. Sentencing Guidelines Manual § 7B1.3(f).

Having reviewed the motion, the response, and the procedural history in this case, the court construes defendant's motion as a request to appear in court to resolve the supervised release violations. Contrary to Gooding's arguments, the court does not find any constitutional concerns implicated in this action. While Gooding does have a right to a prompt hearing on a supervised release revocation, that right is not triggered until Gooding is in custody on the supervised release violation. *See United States v. Gavilanes-Ocaranza*, 772 F.3d 624, 628 (9th Cir. 2014), *cert. denied*, 136 S. Ct. 225 (2015); *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008); *see also* United States v. Magana-Colin, 359 Fed. Appx. 837, 838 (9th Cir. 2009) (the right is also not triggered when the warrant remains unexecuted), *cert. denied*, 560 U.S. 958 (2010). Gooding is not currently in custody as a result of the supervised release violation. Rather, Gooding is serving a sentence for state criminal charges. Further, the government may postpone adjudication of the supervised release violation until after Gooding is released from state custody. *See* 18 U.S.C. § 3583 ("The power of the court to revoke a term of supervised

release for violation of a condition of supervised release . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation."); *United States v. Garrett*, 253 F.3d 443, 449 (2001) (the term "reasonably necessary" includes delays resulting from a defendant's state charges). As such, the court does not find good cause to require the government or probation to act upon the supervised release violation and warrant. Gooding's motion is therefore denied.

  IT IS THEREFORE ORDERED that defendant Christopher Harry Gooding's motion to appear in court for notice of charges (ECF No. 9) is DENIED without prejudice.


DATED: May 2, 2019


_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE