RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
ADEN KEBEDE
Assistant Federal Public Defender
Nevada State Bar No. 15581
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
aden_kebede@fd.org

Attorney for Christopher Gooding

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER HARRY GOODING,<br><br>    Defendant. | Case No. 2:16-CR-00136-APG-BNW<br><br>**STIPULATION TO MODIFY CONDITIONS OF RELEASE** |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, and Jessica Oliva, Assistant United States Attorney, counsel for the United States of America, and Rene L. Valladares, Federal Public Defender, and Aden Kebede, Assistant Federal Public Defender, counsel for Christopher Gooding, that this Court amend the conditions of release.

This Stipulation is entered into for the following reasons:

1. On January 6, 2023, the Defendant, Christopher Gooding appeared before Magistrate Judge Brenda Weksler for an initial appearance on a supervised release violation and bail hearing. He was released on his personal recognizance with previously imposed conditions of supervised release and some addition conditions. One of the additional conditions of his release is that Mr. Gooding shall have no physical contact with his ex-girlfriend or either

of her two sons pending the revocation hearing.[1] Mr. Gooding shares a six-year-old son with his ex-girlfriend.

2. Probation recommended this condition in large part due to the law violation alleged in the petition.[2]

3. Defense and Probation currently have an agreement in place to give Mr. Gooding additional time to readjust to supervision after serving five years in state prison. Should Mr. Gooding maintain compliance until the next revocation hearing, the agreement is that the petition will be dismissed.

4. Mr. Gooding is currently in compliance and doing well on supervision since his initial appearance. He has obtained two jobs and is in the process of leaving the halfway hour and moving in with his sister.

5. Additionally, Mr. Gooding is currently petitioning the family court to get visitation rights for his six-year-old son.

6. Should the family court grant visitation rights to Mr. Gooding, the parties agree that the no physical contact condition (as it applies to his six-year-old son) should be modified.

7. The parties therefore jointly request to modify Mr. Gooding's no physical contact condition say, "The defendant shall have no physical contact with his ex-girlfriend or her older son pending the revocation hearing."

DATED this 16th day of March 2023.

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | JASON M. FRIERSON<br>United States Attorney |
| By /s/ Aden Kebede<br>ADEN KEBEDE<br>Assistant Federal Public Defender | By /s/ Jessica Oliva<br>JESSICA OLIVA<br>Assistant United States Attorney |

---

[1] ECF No. 23, p. 6.
[2] ECF No. 6.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>CHRISTOPHER HARRY GOODING,<br><br>        Defendant. | Case No. 2:16-CR-00136-APG-BNW<br><br>ORDER |

**ORDER**

IT IS HEREBY ORDERED, that this Court amend the conditions of Christopher Gooding's personal recognizance bond as the parties jointly request that Mr. Gooding's no contact condition be modified to allow him to visit his six-year old son if the family court grants his petition for visitation rights. The condition is therefore modified to state, "The defendant shall have no physical contact with his ex-girlfriend or her older son pending the revocation hearing."

DATED: March 22, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

3