RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
ADEN KEBEDE
Assistant Federal Public Defender
Nevada State Bar No. 15581
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
aden_kebede@fd.org

Attorney for Christopher Gooding

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-CR-00136-APG-BNW |
| Plaintiff, | **SECOND STIPULATION TO MODIFY CONDITIONS OF RELEASE** |
| v. | |
| CHRISTOPHER HARRY GOODING, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, and Jessica Oliva, Assistant United States Attorney, counsel for the United States of America, and Rene L. Valladares, Federal Public Defender, and Aden Kebede, Assistant Federal Public Defender, counsel for Christopher Gooding, that this Court amend the conditions of release.

This Stipulation is entered into for the following reasons:

1. On January 6, 2023, the Defendant, Christopher Gooding appeared before Magistrate Judge Brenda Weksler for an initial appearance on a supervised release violation and bail hearing. He was released on his personal recognizance with previously imposed conditions of supervised release and some addition conditions.

2. One of the additional conditions of his release was that Mr. Gooding shall have no physical contact with his ex-girlfriend or either of her two sons pending the revocation hearing.[1] Mr. Gooding shares a six-year-old son with his ex-girlfriend and petitioned the family court for visitation rights. Therefore, the parties stipulated to modify that condition to allow Mr. Gooding to visit his six-year-old son if the family court granted his petition for visitation rights. This Court granted the parties' stipulation to modify the condition.[2]

3. The family court recently granted Mr. Gooding joint legal and physical custody over his six-year-old son.[3]

4. To ensure that Mr. Gooding does not violate the pretrial release conditions in his federal case, the family court judge outlined the manner in which the child exchange shall occur between Mr. Gooding and his ex-girlfriend.[4]

5. To ensure compliance with his pretrial release conditions, the parties request to modify the no physical contact condition to allow for contact with Mr. Gooding's ex-girlfriend during child exchange and at the locations specified in the family court minutes.

6. Mr. Gooding is currently in compliance with all conditions and doing well on supervision.

7. The parties therefore jointly request to modify Mr. Gooding's no physical contact condition to say, "The defendant shall have no physical contact with his ex-girlfriend or her older son pending the revocation hearing, except during child exchange of their six-year-old son at the locations specified by the family court."

---

[1] ECF No. 23, p. 6.

[2] ECF No. 29.

[3] *See* Exhibit A, Family Court Minutes,

[4] Judge Moss ordered Mr. Gooding's "timeshare with minor child shall be defined as Friday's at 7:00 pm to Monday's at 7:00 pm. The Child exchanges on Friday shall be at the family Courthouse and the Monday exchanges shall be at the Police Headquarters Station on Martin Luther King Drive."

8. Probation agrees with this proposed modification.

DATED this 22nd day of May 2023.

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | JASON M. FRIERSON<br>United States Attorney |
| By */s/ Aden Kebede*<br>ADEN KEBEDE<br>Assistant Federal Public Defender | By */s/ Jessica Oliva*<br>JESSICA OLIVA<br>Assistant United States Attorney |

3

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 2:16-CR-00136-APG-BNW |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CHRISTOPHER HARRY GOODING, | |
| Defendant. | |

## ORDER

IT IS HEREBY ORDERED, that this Court amend the conditions of Christopher Gooding's personal recognizance bond as the parties jointly request that Mr. Gooding's no contact condition be modify to reflect the rights granted to him by the family court. The condition is therefore modified to state, "The defendant shall have no physical contact with his ex-girlfriend or her older son pending the revocation hearing, except during child exchange of their six-year-old son at the locations specified by the family court."

DATED this 23rd day of May 2023.

_____
UNITED STATES MAGISTRATE JUDGE

4

# EXHIBIT A

# EXHIBIT A

| D-23-662008-C | | DISTRICT COURT<br>CLARK COUNTY, NEVADA | |
|---|---|---|---|
| **Child Custody Complaint** | | **COURT MINUTES** | May 04, 2023 |
| D-23-662008-C | Christopher Harry Gooding, Plaintiff.<br>vs.<br>Julie Ann Hale, Defendant. | | **Department C** |

**May 04, 2023**      **09:00 AM**      **Hearing**

**HEARD BY:** Moss, Cheryl B.      **COURTROOM:** Courtroom 14

**COURT CLERK:** Medina, Kyle

**PARTIES PRESENT:**

**Christopher Harry Gooding, Plaintiff, Present**      **Pro Se**

**Julie Ann Hale, Defendant, Not Present**

**Christopher Harry Gooding, Jr., Subject Minor, Not Present**

## JOURNAL ENTRIES

HEARING: UNCONTESTED SETTINGS/CUSTODY.

The Plaintiff was present in person. The Court noted the Defendant's non appearance. The Plaintiff was placed under OATH.

Court reviewed the Custody Complaint with the Plaintiff. The Plaintiff stated that he does not know the Defendant's whereabouts. The Court noted that the Plaintiff has been released from the Nevada State Prison after serving five years. The Plaintiff stated that he is currently in the process of starting an Interstate CDL driver job. The Defendant informed the Court that there is a no contact Order between him and the Defendant but has documentation from the Federal Conditions of Release allowing him o be present for the Child Exchanges.

The Court discussed the Plaintiff's requested timeshare with the Plaintiff and set Orders regarding child support, health insurance and taxes.

COURT ORDERED the following:

The parties shall have JOINT LEGAL JOINT PHYSICAL custody of the Minor Child.

The Plaintiff's timeshare with the Minor Child shall be defined as Friday's at 7:00 pm to Monday's at 7:00 pm. The Child exchanges on Friday shall be at the family Courthouse and the Monday exchanges shall be at the Police Headquarters Station on Martin Luther King Drive. The parties shall record any/all child exchanges and each party shall have a thirty minute window to be present for the exchange.

The parties shall follow the Department C's Holiday schedule.

Child Support shall be set at $0.00. Child Support shall be subject to modification.

The Minor Child shall continue to be covered under Medicaid for health insurance. Any unreimbursed medical, dental, optical, orthodontic or other health related expense incurred for the benefit of the minor child is to be divided equally between the parties. Either party incurring an out of pocket medical expense for the child shall provide a copy of the paid invoice/receipt to the other

---

Notice: Journal Entries are prepared by the courtroom clerk and are not the official record of the Court.

party within thirty days of incurring such expense, if not tendered within the thirty day period, the Court may consider it as a waiver of reimbursement. The other party will then have thirty days from receipt within which to dispute the expense in writing or reimburse the incurring party for one-half of the out of pocket expense, if not disputed or paid within the thirty day period, the party may be subject to a finding of contempt and appropriate sanctions.

The parties shall enroll in "App Close" communication application. The Plaintiff shall send the enrollment link to the Defendant. ALL COMMUNICATION is to be polite, respectful, business like regarding child issues only, without swearing, criticizing, disparaging the other Parent, or telling the other parent how to parent. If an emergency arises regarding the minor children, Parties may contact the other Parent directly.

The Plaintiff shall claim the Minor Child every odd year for the Dependent Tax Credit. The Defendant shall sign an IRS form 8332. The Plaintiff shall have the authority the sign in place of the Defendant pursuant to NRCP 70 if the Defendant refuses to sign the form.

The Court shall request and obtain the Child Protective Service's report.

The Plaintiff shall prepare the Custody Decree and submit it to the Court. The Plaintiff shall file the Notice of Entry of Order.

Case shall be CLOSED.

**INTERIM CONDITIONS:**

**FUTURE HEARINGS:**

Printed Date: 5/9/2023       Page 2 of 2       Minutes Date:       May 04, 2023

Notice: Journal Entries are prepared by the courtroom clerk and are not the official record of the Court.